## Wilson et al., Exrs., Appellants, v. Ott et al.

[Marked to be reported.]

*Dower—Vested remainder—Posthumous child—Mortgage—Mistake of law.*

The owner of a vested remainder in fee devised the estate absolutely to his wife. After his death a posthumous child was born. The child died prior to the death of the life tenant. *Held*, (1) that the will was revoked by the birth of the child, who took a fee in the real estate subject to the dower interest of the remainder-man's widow; (2) that the widow, although not entitled to the enjoyment of the estate until the death of the life tenant, had an interest which she could convey.

In the above case, after the death of the child, but before the death of the life tenant, the brothers of the remainder-man took a deed from the widow, in which she purported to convey to them a fee, and at the same time they gave her a mortgage to secure the purchase money. At the time the deed was given all parties were under the impression that the widow took a fee as the heir of her son. After the death of the life tenant, the brothers claimed that the fee was really in themselves as heirs at law of the blood of the ancestor from whom the estate came, and that it did not pass to the child's mother. *Held*, that the widow was entitled to recover at least the value of her dower interest.

Not decided whether the widow was entitled to recover the whole amount of the mortgage.

Argued Feb. 15, 1894. Appeal, No. 298, Jan. T., 1894, by plaintiffs, Wm. F. Wilson et al., executors of Mary E. T. Ott Wilson, deceased, and Martha J. Wilson, from judgment of C. P. Delaware Co., June T., 1892, No. 109, in favor of defendants, Jacob Ott et al., non obstante veredicto. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Sci. fa. sur mortgage. Before CLAYTON, P. J.

The facts appear by the opinion of the Supreme Court.

The court admitted, under objection and exception, the deed from Bernard Sharkley, commissioner to divide the estate of Dennis Kelley, deceased, to Mary T. Ott. [1]

The court also admitted, under objection and exception, the deed from Mrs. Mary E. T. Ott to Jacob Ott and Jeremiah J. Ott. [2]

The material portions of this latter deed are as follows:

" That the said Mary Elizabeth Theresa Ott, for and in consideration of the sum of five thousand dollars, doth grant, bar-

gain, sell, release and confirm unto the said Jacob Ott and Jeremiah J. Ott, their heirs and assigns, all the estate, right, title, interest, property, claim and demand whatsoever of them the said Mary E. T. Ott and Mary T. Ott, of, in and to all that certain mill property situate in the Township of Blockley, City of Philadelphia, etc., Being the same premises which Bernard Sharkey et al., Commissioners nominated and appointed to de-vide the estate of Dennis Kelly, dec'd, by deed poll dated May 20, 1865, and recorded in Philadelphia in Deed Book L. R. B., No. 115, page 79, etc. allotted and assigned (inter alia,) unto the said Mary T. Ott (party of second part) by the name of Mary Ott, widow, to hold the same unto the said Mary T. Ott during the term of her natural life, and at her death to be vested in the child or children of said Mary T. Ott, respectively in fee simple.    That the said Mary T. Ott had issue three children only, to wit: Joseph A. C. Ott and the above named Jacob Ott and Jeremiah J. Ott, party of the third part hereto, and in whom the estate in remainder of said tract of land and premises above described and granted vested in fee simple: And the said Joseph A. C. Ott aforesaid departed this life in the year 1867, leaving only to survive him his widow Mary E. T. Ott, party of the second part who was at the time of his decease enceinte, and having made and published his last will and testament in writing, bearing date the 28th day of November, 1866, duly proved and registered in the office at Media, wherein and whereby after directing the payment of his just debts and funeral expenses, he willed as follows: 'Second: I give and bequeath unto my beloved wife Mary Elizabeth Theresa Ott all my estate, real and personal and mixed, which I now have or here-after may have, situate in Haverford Township or elsewhere, to hold to her my said wife, her heirs and assigns forever.'    A son named Joseph A. Ott was afterwards born unto the said Mary E. T. Ott, which said son hath since departed this life, to wit: on the 26th day of July, 1877, in his minority, unmarried and without issue, whereupon the interest in remainder of the said Joseph A. C. Ott, deceased, in said tract of land and premises became vested in his widow, the above named Mary E. T. Ott, in fee simple."

It appeared that on the same day this deed was executed, Jeremiah J. Ott and Jacob Ott, the grantees in said deed, ex-

ecuted a mortgage to Mary E. T. Ott for the sum of $5,000 on an entirely different tract of land situated in Haverford township, the principal of the mortgage to be payable after the death of the mother of Joseph A. C. Ott, who had a life estate in said farm.    This represented the purchase money in the deed.

The recital in this mortgage is identical with the recital in the foregoing deed.

The said Mary E. T. Ott afterwards married William F. Wilson, and died April 28, 1886, leaving a will probated in Philadelphia county, wherein she appointed her husband, William F. Wilson, and Hugh Sullivan, her executors, and devised her entire estate to them.    The executors afterwards assigned part of this mortgage to Martha J. Wilson, the remaining plaintiff.

After the death of Mary T. Ott (mother of Joseph A. C. Ott), this suit was brought and a verdict was obtained in favor of plaintiffs for amount of debt, interest and costs, subject to the following point of law reserved by the court, viz.: "If the court shall be of the opinion, as a matter of law, that the defendants can set up as a defence, the failure of title to the lands described in the deed of even date with the mortgage sued upon, said lands not being described in said mortgage, then judgment is to be entered for defendants, non obstante veredicto."

The court subsequently entered judgment in favor of the defendants non obstante veredicto.

*Errors assigned* were among others (1, 2) rulings on evidence, quoting bills of exceptions; (6) in reserving the question of law, quoting it; (7) in directing the jury to render a verdict subject to the point of law reserved; (8) in refusing to enter judgment on the verdict for plaintiff; (9) in entering judgment for defendant.

*James M. Beck, O. B. Dickinson, Henry M. Tracy* and *William F. Harrity* with him, for appellant.—A recital of title to the grantor, in a deed, does not amount to a covenant of seisin : Whitehill v. Gotwalt, 3 P. & W. 313.    A recital of fact in a deed is not conclusive upon the grantor : Mehaffey v. Dodds, 9 Watts, 363.

It having been conclusively shown that Mary E. T. Ott had an estate in this land, no matter what the quantity of that es-

tate might be, the defendants having seen fit to accept it, with all the facts showing what the quantity of the estate was fully before them, they cannot come in at this late day, especially after the mortgage had been assigned to a third party for value, and set up insufficiency of consideration, and claim they paid too much.    If they made a bad bargain they must stand by it.

The compromise of a doubtful right is a sufficient consideration to establish the boundary line between conflicting titles, and although in making such compromise the parties act in good faith, but in a mutual mistake of law, yet it will bind them : McCoy v. Hutchinson, 8 W. & S. 66 ; Chamberlain v. McClurg, 8 W. & S. 31; Fithian v. Jones, 6 Phila. 550.

There is no case where mere inadequacy of price, independent of other circumstances, has been held sufficient to set aside a contract between parties standing on equal ground and dealing with each other without any imposition or oppression : Hinds v. Holdship, 2 Watts, 104 ; Sykes v. Chadwick, 18 Wall. 141 ; Fisk v. Duncan, 83 Pa. 196 ; Kerr v. Kitchen, 7 Pa. 486 ; McClure v. McClure, 11 Pa. 477 ; Smith v. Sillyman, 3 Whart. 599.

The estate of J. A. C. Ott was vested and not contingent : Cote's Ap., 79 Pa. 235 ; Rudebaugh v. Rudebaugh, 72 Pa. 271 ; Wager v. Wager, 1 S. & R. 378 ; Ross v. Drake, 37 Pa. 373.

A mistake as to the operation of the intestate laws is, according to all authorities, irremediable in equity : Bisph. Eq. § 187.    Appellees ask for an entire rescission of the contract and cancellation of the mortgage.    They cannot ask equity unless they do equity.    They cannot ask to rescind the mortgage unless they tender a rescission of the deed, which at this late day is impracticable.

A fortiori will a chancellor deny this relief where the right of a bona fide purchaser without notice has intervened : Kilpatrick v. Strizier, 67 Pa. 247 ; Lowe v. Allen, 68 Pa. 225 ; Cass Co. v. Oldham, 75 Mo. 50 ; Hewitt v. Powers, 84 Ind. 295 ; Kerr on Fraud and Mistake, 436.

Appellees are barred from claiming this equitable relief by their gross laches, and by the staleness of their claim : Price's Ap., 54 Pa. 472.

*A. Lewis Smith* and *V. Gilpin Robinson*, for appellees.—A

purchaser may defend against a suit for purchase money, however secured, on the ground of failure of consideration, whenever the title conveyed has failed in whole or in part: Steinhauer v. Witman, 1 S. & R. 438; Hart v. Porter, 5 S. & R. 201; Morris v. Buckley, 11 S. & R. 168; Poke v. Kelley, 13 S. & R. 165; Christy v. Reynolds, 16 S. & R. 258; Bingham v. Bingham, 1 Ves. Sr. 126; Withers v. Atkinson, 1 Watts, 236; Roland v. Miller, 3 W. & S. 390; Wolbert v. Lucas, 10 Pa. 73; Beaupland v. McKeen, 28 Pa. 124; Youngman v. Linn, 52 Pa. 413; Lloyd v. Farrell, 48 Pa. 73; Cross v. Noble, 67 Pa. 74; Peck v. Jones, 70 Pa. 83; Fisk v. Duncan, 83 Pa. 196; Wilson's Ap., 109 Pa. 606; Goettel v. Sage, 117 Pa. 298; Johnson's Ap., 114 Pa. 132; Comegys v. Davidson, 154 Pa. 534.

The rule for estimating damages for failure or defect of title to a part of the land conveyed is the relative value which the part taken away bears to the whole, and that is to be estimated with regard to the price fixed by the parties for the whole land: Beaupland v. McKeen, 28 Pa. 124; Murphy v. Richardson, 28 Pa. 288.

Fisk v. Duncan, 83 Pa. 196, decides that, by the express act of the parties to it, the mortgage to which the defence was set up was not given to secure the purchase money of the land which had the defective title, but to secure the purchase money of the land upon which it was secured, the title to which was good, and that therefore there could be no defence to it on account of the bad title to other land conveyed to defendant by a separate deed, the purchase money of which had been paid.

In an action for purchase money of real estate, however evidenced, whether by bond, bond and warrant, judgment, single bill, bond and mortgage, or simple contract, defence may be made of failure of the title, which is represented by the purchase money, either in whole or in part, and that, too, whether a deed with covenants has been made or not, and even where only a quitclaim deed has been executed: Goettel v. Sage, 117 Pa. 298.

This is a suit for a sum of money, and the defence is failure of consideration, because the parties did not receive what they bargained for. It is good common sense that when one sells an article to another, whether it be a horse or a farm, and, before the purchase money is paid, it is discovered that the buyer

does not get what he bargained for, he cannot be compelled to pay : Steinhauer v. Witman, Admr., 1 S. & R. 437 ; Cross v. Noble, 67 Pa. 74 ; Patterson v. Hulings, 10 Pa. 506 ; Wilson's Ap., 109 Pa. 606 ; Roland v. Miller, 3 W. & S. 390 ; Heacock v. Fly, 14 Pa. 540 ; Russell's Ap., 75 Pa. 269 ; Whelen's Ap., 70 Pa. 410 ; Champlin v. Laytin, 18 Wend. 407, 31 Am. Dec. 382 ; Bingham v. Bingham, 1 Ves. Sr. 126 ; Goettel v. Sage, 117 Pa. 298 ; Hart v. Porter, 5 S. & R. 201 ; Youngman v. Linn, 52 Pa. 413 ; Grosvenor v. Fogg, 81 Pa. 400 ; Willard's Est., 68 Pa. 327 ; Robeno v. Marlatt, 136 Pa. 35.

There is no evidence of the value of any estate in the grantor : Shippen and Robbins' Ap., 80 Pa. 396.

In case of fraud laches cannot be imputed until the discovery of fraud, for it is only then that the statute of limitations begins to run : Mitchell v. Buffington, 10 W. N. 361.


OPINION BY MR. JUSTICE WILLIAMS, March 26, 1894 :

The mortgage, on which the writ of scire facias in this case issued, was given to secure the purchase money agreed to be paid for a one third interest in a mill property in Philadelphia. It appears that Dennis Kelley by his last will and testament devised certain real estate to his daughters for life, with remainder to their children in fee simple. By proceedings in partition the mill property was set off to one of his daughters, Mary T. Ott, and her children. She had three sons, Joseph A. C. Ott, Jacob Ott and Jeremiah J. Ott. In 1867, Joseph A. C. Ott died leaving to survive him a widow, Mary E. T., and a son Joseph A., who was born after his death. By his will he devised all his estate absolutely to his widow. His son Joseph A. died at the age of ten years, unmarried, and without issue, in 1877. In 1879 the surviving brothers of Joseph A. C. Ott bought the interest of their deceased brother in the mill. Their mother who was still living held a life estate in the property. The question to be settled when they decided to buy was, in whom is the title of Joseph A. C. Ott vested ? It seems to have been assumed by all parties that the death of the posthumous son, in the lifetime of the life tenant under the will of Dennis Kelley, left the will of Joseph A. C. Ott in full force so that his widow took a fee simple under it ; or that, if the birth of his son, after the death of Joseph A. C. Ott, re-

voked his will, so that the remainder in fee vested in the son, then upon his death his mother took as his heir at law. Upon this theory she would be the holder of the fee, whether she took as the devisee of her husband, or the heir at law of her son, subject only to the life estate of her husband's mother. Counsel was consulted by both parties, the buyers and the seller, and a deed was prepared for execution by the widow of Joseph A. C. Ott which recited all the facts stated above and added, as a conclusion drawn from them, these words: "Whereupon the interest in remainder of the said Joseph A. C. Ott deceased in said tract of land and premises, became vested in his widow, the above named Mary E. T. Ott, in fee simple." The purchase money to be paid was five thousand dollars, which was not to become due until the termination of the life estate, by the death of Mary T. Ott, the mother; and was secured by the mortgage now in controversy. When Mary T. Ott died, proceedings were begun for the collection of the mortgage, in accordance with its terms, and the scire facias in this case issued.

The defence set up is that it was given under a misapprehension, not of the facts, but of their legal effect; and that for this reason the defendant should be relieved from the payment of it. The defendants say that, as they now understand the law to be, the estate of the minor son of Joseph A. C. Ott, their brother, descended at his death upon them as his heirs at law, of the blood of the ancestor from whom the estate came, and not upon his mother; and they therefore bought from Mary E. T. Ott what they at the time owned in fee; and gave the mortgage to secure the price of property she did not own, and could not sell to them. This is no doubt true, upon the facts as they are now presented, except that she held an estate in dower which did pass to the purchasers by her deed. Her husband's estate in fee was in remainder after the life estate of his mother. When he died his will was subject to revocation by the birth of a child, after his decease, capable of taking as his heir at law. This event took place, and as to his real estate he became intestate. His real estate passed to his son born after his death, subject to the dower interest of his widow under our intestate laws. This interest or estate was postponed, as to its enjoyment, until the termination of the life estate of her husband's mother. It was impossible for the purchasers of

the mill to secure a marketable title without acquiring this estate in dower, and it had a value, for the amount of which the defendants ought to pay, whatever may be said about their right to be relieved from the remainder of the mortgage. The judgment must be reversed for this reason if for no other.

The learned judge told the jury that " The grantor had no title and the purchasers were buying what they already owned." This may be true as to the remainder in fee after the life estate of Mary T. Ott, the mother; but it is not true as to the estate in dower of Mary E. T. Ott, the widow of Joseph A. C. Ott. When the purchase was made this was an estate outstanding, which would have affected the marketable quality of the title materially. Its value is not to be determined in view of her subsequent death before the termination of the life estate of her husband's mother, but in view of the situation existing at the date of her deed to the defendants.

It is also well to say that this is not the case of a failure of title, in the sense in which those words are ordinarily used when speaking of the right of a disappointed purchaser to defend against the payment of purchase money. The title has not failed. There has been no ouster or eviction from any portion of the mill property. No hostile title has been asserted to it or any part of it. It is the case of a mistake in the law as to the effect of facts which all parties to the transaction thoroughly understood, and which are fully recited on the face of the conveyance. We do not say that such a mistake will not afford a ground of defence to the mortgage. Under the view taken of the case by the learned judge of the court below, that question is not before us. What we do say is that the plaintiff is, in any event, entitled to recover such a sum as shall fairly represent the relative value of her dower interest to that of the remainder in fee which passed from her son to the defendants.

The judgment is reversed, and a venire facias de novo awarded.